UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHARON D CHAPMAN,

        Plaintiff,

        v.

Case No. 21-cv-0407-bhl

KRISTY YANG, et al.,

        Defendants.

---

## ORDER

---

On March 31, 2021, Sharon Chapman filed a *pro se* complaint against Judge Kristy Yang, Attorney Ann Marie Abell, and Court Reporter William Carpenter. (ECF No. 1.) Chapman alleges that Judge Yang committed a "modern day kidnapping" aided by Abell and Carpenter and seeks damages totaling $1,500,000. (*Id.*) On the same day, Chapman filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On April 9, 2021, Magistrate Judge Joseph issued an order granting Chapman's motion to proceed *in forma pauperis* along with a report and recommendation screening the complaint. (ECF No. 6.) In the screening order, Magistrate Judge Joseph recommended dismissal of the complaint after concluding that Chapman had failed to state a claim for relief and was attempting to sue immune defendants. (*Id.*)

Chapman objected to the Magistrate Judge's report and recommendation on April 16, 2021. (ECF No. 7.) Chapman argues that Judge Yang and Attorney Abell are not immune from suit under 28 U.S.C. §1983, citing a footnote from Justice Douglas' dissent in *Pierson v. Ray*, 386 U.S. 547, 567 (1967) ("When a judge acts intentionally and knowingly to deprive a person of his constitutional rights he exercises no discretion or individual judgment; he acts no longer as a judge, but as a 'minister' of his own prejudices."). Coming in a dissent, this footnote does not reflect the views of the Supreme Court and is not a basis to challenge the correctness of Magistrate Judge Joseph's analysis. Indeed, the majority opinion in the same case reaffirmed the long-standing doctrine of judicial immunity:

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' (*Scott v. Stansfield*, L.R. 3 Ex. 220, 223 (1868), quoted in *Bradley v. Fisher*, *supra*, 349, note, at 350.) … We do not believe that this settled principle of law was abolished by s 1983, which makes liable 'every person' who under color of law deprives another person of his civil rights.

*Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). Both Judge Yang and Attorney Abell are immune from suit under §1983 because they were acting under the court's jurisdiction when the challenged conduct occurred. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quotation omitted) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."); *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009) ("Guardians ad litem…are absolutely immune from liability for damages when they act at the court's direction."). Therefore, Chapman's claims against them must be dismissed.

While Judge Yang and Attorney Abell are immune from suit, Court Reporter Carpenter is not. *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 437 (1993) ("[C]ourt reporters do not exercise the kind of judgment that is protected by the doctrine of judicial immunity."). Court reporters may be held liable under §1983 for deliberate acts to harm a litigant, but not for innocent or negligent errors. *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006) (citations omitted) ("Section 1983 claims cannot be founded on negligence. But if, as [Loubser's] complaint alleges, the reporters deliberately altered a transcript as part of a conspiracy to defraud a litigant, they can, lacking absolute immunity, be held liable."). In her complaint, Chapman states that her "tampered transcripts records" were "[a]ltered by Attorney Abell and Mr. Carpenter." (ECF No. 1 at 3.) She does not allege that transcript was modified deliberately or in a specific effort to defraud her. These statements are insufficient to support a claim for relief, and therefore the claim against Carpenter must also be dismissed.

Moreover, Chapman's federal court attack on the state court proceedings and judgment from the child guardianship case is misplaced. If she had complaints about the state court proceeding and resulting ruling, she was obliged to raise those in the state courts, including by appeal to the Wisconsin Court of Appeals and Wisconsin Supreme Court. If those appeals were

unsuccessful, she could then seek a writ of certiorari from the United States Supreme Court. Attacking the state court process in this Court is thus improper and it is doubtful that this Court would have jurisdiction over her complaints under the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) ("The *Rooker-Feldman* doctrine [applies to preclude federal jurisdiction over] cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). While the Seventh Circuit recognizes an exception for plaintiffs "seeking a federal remedy for alleged violations of their constitutional rights where 'the violator so far succeeded in corrupting the state judicial process as to obtain a favorable judgment,'" *Loubser v. Thacker*, 440 F.3d 439, 444 (7th Cir. 2006) (Sykes, J. concurring in part) (quoting *Nesses v. Shepard*, 68 F.3d 1003, 1005 (7th Cir. 1995)), that narrow exception likely does not apply here. And, even if it did, for the reasons stated by the able Magistrate Judge, Chapman's claims fail in any event. Accordingly,

**IT IS HEREBY ORDERED** that Chapman's complaint is **DISMISSED with prejudice** for failure to state a claim and for seeking damages against immune parties.

Dated at Milwaukee, Wisconsin on May 6, 2021.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge
